# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **FRANK FIGUEROA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.  C-10-374** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), and currently is incarcerated at the Boyd Unit in Teague, Texas. The actions about which he complains occurred in Nueces County, Texas.  Proceeding *pro se* and *in forma pauperis*, petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on November 16, 2010 (D.E. 1).[1]  The underlying convictions which are the subject of the petition are 2008 Nueces County convictions for seven counts of aggravated sexual assault of a child and three counts of indecency with a child.  Petitioner claims that his guilty plea was involuntary and his constitutional rights were violated during the plea process because his attorney rendered ineffective assistance of counsel.

---

[1]Petitioner declared under penalty of perjury that he placed his petition in the prison mail system on November 16, 2010 and it is considered filed as of that date.  Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

On January 23, 2011 respondent filed a motion for summary judgment to which petitioner responded on March 23, 2011 (D.E. 21, 25).  On that same day, petitioner filed a variety of motions in which he simultaneously sought copies of documents and further responded to the motion for summary judgment (D.E. 26, 27, 28, 29, 30).  Because it appears that petitioner actually has copies of the documents but intended to call the court's attention to them (See D.E. 31), docket entries 26-30 are construed as supplements to petitioner's response to the motion for summary judgment   As discussed more fully below, it is respectfully recommended that respondent's motion for summary judgment be granted and petitioner's cause of action for habeas corpus relief be dismissed with prejudice.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.  Petitioner was convicted in Nueces County, Texas.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

Petitioner was indicted on seven counts of aggravated sexual assault of a child and three counts of indecency with a child by a Nueces County Grand Jury in Cause No. 07-CR-1197-B in the 117th District Court.  Ex Parte Figueroa, App. No. WR-74,262-01, Event Date: 07/06/2010 at 30-33 (D.E. 19-4, pp. 34-37).[2]  Petitioner's step-

_____

[2]The State Court records are located at D.E. 19.  The state court habeas record is divided into several parts which are distinguished herein by the "Event Date" on the cover

granddaughters, ages 13, 11 and 9, reported that petitioner had sexually assaulted them, watched them take baths and forced them to watch pornographic movies while he masturbated.  The victims' reports were corroborated in part by their 10-year-old brother. Id. at 48-51 (D.E. 19-4, pp. 52-55).  When petitioner was interviewed at the police station, he admitted to touching two of the girls in a sexual manner, but denied touching the third. He admitted to watching a pornographic movie with two of the girls and to "touching himself" outside his clothes with the girls present.  He also admitted to watching them while they were in the bathtub.  Petitioner further admitted to attempting to penetrate the oldest girl's vagina with his penis and to having her perform oral sex on him.  Id. at 51 (D.E. 19-4, p. 55).

One of the victims' aunts reported that she had been paid money to touch petitioner's penis when she was younger.  Another aunt reported that she would see petitioner walking around naked when she was younger.  Id. at 52 (D.E. 19-4, p. 56).

As part of a plea agreement, petitioner pleaded guilty on February 1, 2008.  Ex Parte Figueroa, App. No. WR-74,262-01, Event Date: 10/01/2010 at 30-31, 48-50, 59 (D.E. 19-3, pp. 35-36, 53-55, 64).  The court accepted petitioner's plea, found him guilty and sentenced him to 20 years on each count, with the sentences to run concurrently.  Id. at 64, 81-82 (D.E. 19-3, pp. 66, 86-87).  As part of the plea agreement, petitioner gave up his right to appeal everything but matters raised by written motions filed and ruled on

---

page.  In addition, the specific docket entry information is given.

before trial and not withdrawn or waived.  Id. at 38-39, 47, 64-65 (D.E. 19-3, pp. 43-44, 52, 69-70).

Petitioner filed an appeal, arguing that his twenty-year sentence was disproportionate to his offenses.  Brief for Appellant at 3, Figueroa v. State, No. 13-08-00115-CR, 2009 WL 3489842 (Tex.App.–Corpus Christi, Oct. 29, 2009, pet. ref'd) (mem. op., not designated for publication).  The Thirteenth Court of Appeals overruled petitioner's appeal, finding that he had not preserved the error for appellate review.  Figueroa, slip. op. at 3.  Petitioner filed a petition for discretionary review which was refused on February 24, 2010.  Figueroa v. State, PDR No. 1613-09.

Petitioner filed an application for habeas corpus relief in state court on June 2, 2010.  Ex Parte Figueroa, App. No. WR-74-262-01, Event Date: 07/06/2010 at 2-20, (D.E. 19-4, pp. 6-24).  After the State filed an answer on June 29, 2010, the trial court designated for resolution the issue of whether petitioner had a reviewable, meritorious claim for ineffective assistance of counsel.  Ex Parte Figueroa, App. No. WR-74-262-01, Event Date: 10/01/2010 at 92 (D.E. 19-3, p. 97).

Petitioner's trial attorney, Robert Zamora, filed an affidavit in which he explained the bases of the decisions he had made in petitioner's case.  Id. at 95-96 (D.E. 19-3, pp. 100-101).  On September 22, 2010, the trial court adopted the proposed Findings of Fact and Conclusions of Law submitted by the State and transmitted the habeas record to the Texas Court of Criminal Appeals.  Id. at 99-107 (D.E. 19-3, pp. 104-112).  On October 20, 2010, the Texas Court of Criminal Appeals denied petitioner's application for habeas

4

relief without written order on the findings of the trial court.  Ex Parte Figueroa, App. No.

WR-74-262-01, Event Date: 07/06/2010 at "Action Taken" page (D.E. 19-4, p. 2).

Petitioner filed the instant application for habeas relief on November 16, 2010,

arguing that he received ineffective assistance of counsel.  In particular, petitioner

complains that his attorney was ineffective for the following reasons:

1.  For failing to make sure petitioner understood the charges and received a copy
of the indictment;

2.  For failing to acquire physical and medical evidence from defendant;

3.  For failing to adequately advise petitioner regarding his right to trial by jury;

4.  For insisting petitioner initial the admonishment forms and plead guilty;

5.  For allowing the district attorney to induce petitioner to plead guilty;

6.  For failing to advise petitioner that had he chosen to be tried by a jury, the jury
could have recommended that he be released to community supervision;

7.  For failing to object to the mislabeling of the charges against petitioner in the
indictment;

8.  For not giving petitioner a reasonable opportunity to find other counsel;

9.  For failing to review petitioner's video-taped confession, where he would have
seen that the confession was coerced.

In his motion for summary judgment, respondent argues that petitioner's claims

are waived by his guilty plea, refuted by trial counsel and otherwise meritless.

Respondent concedes that petitioner has exhausted his state court remedies, but reserves

the right to raise exhaustion as a defense should petitioner argue that he has presented

additional grounds for relief or if he should amend his complaint.  In his response to the

motion for summary judgment petitioner reiterates the arguments he made in his petition.

## APPLICABLE LAW

### A.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

state prisoner may not obtain relief with respect to any claim that was adjudicated on the

merits in State court proceedings unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law, as
>        determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented in the
>        state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the

state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on

a question of law or if the state court decides a case differently than the Court on a set of

materially indistinguishable facts.  Under the "unreasonable application" clause, a federal

habeas court may grant the writ if the state court identifies the correct governing legal

principle from the Court's decisions but unreasonably applies that principle to the facts of

the prisoner's case.  Williams v. Taylor, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523,

146 L.Ed.2d (2000).  Although "unreasonable" is difficult to define, the Supreme Court

noted that it is an objective, rather than subjective, standard and emphasized that there is a

6

critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  Neal v. Puckett, 239 F.3d 683, 687 (5th Cir. 2001)(citing Williams, 120 S.Ct. at 1522-1523).  A federal court has no authority to grant habeas corpus relief simply because it concludes in its independent judgment that a state court's judgment is erroneous or incorrect.  Neal, 239 F.3d at 687. In determining whether a state court decision in a habeas case is reasonable, the focus is on the ultimate legal conclusion reached by the state court and not on whether the state court considered and discussed every angle of the evidence.  "[T]he only question for a federal habeas court is whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" Neal, 239 F.2d at 696 (citing Hennon v. Cooper, 109 F.3d 330, 334-335 (7th Cir. 1997)).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  Garcia v. Quarterman, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted).  This deference extends not only to express findings of fact, but to the implicit findings of the state court. Id.  In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision.  Bledsue v. Johnson, 188 F.3d 250, 256 (5th Cir. 1999).

**B.  Voluntariness of Guilty Plea**

Although petitioner has alleged several grounds for relief, his claims regarding the

voluntariness of his plea will be analyzed first, because if he entered into the plea

agreement knowingly and willingly, he waived most of his other claims.

> [A] guilty plea represents a break in the chain of events which has preceded it in
> the criminal process.  When a criminal defendant has solemnly admitted in open
> court that he is in fact guilty of the offense with which he is charged, he may not
> thereafter raise independent claims relating to the deprivation of constitutional
> rights that occurred prior to the entry of the guilty plea.  He may only attack the
> voluntary and intelligent character of the guilty plea by showing that the advice he
> received from counsel was not within the standards set forth in [McMann v.
> Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

The test for determining the validity of a guilty plea is whether the plea represents

a voluntary and intelligent choice among the courses of action open to the defendant.

Matthew, 201 F.3d at 364 (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88

L.Ed.2d 203 (1985)).  When a court assesses the validity of a guilty plea it looks to all of

the relevant circumstances surrounding it.  Matthew, 201 F.3d at 364-365 (citing Brady

v.United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469 (1970)).

A defendant pleading guilty must be competent and must have notice of the nature

of the charges against him.  The plea must be entered voluntarily and not be the product

of actual or threatened physical harm or mental coercion overbearing the will of the

defendant.  Nor can the plea be the result of state-induced emotions so intense that the

defendant was rendered unable to weigh rationally his options with the help of counsel.

8

Matthews, 201 F.3d at 365 (citing Henderson v. Morgan, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed.2d 859 (1941); Brady, 397 U.S. at 750, 90 S.Ct. 1463 and Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 91962)).  In addition, the defendant must understand the consequences of his plea, including the nature of the constitutional protection he is waiving.  Matthew, 210 F.3d at 365 (citing Henderson, 426 U.S. at 645, n. 13, 96 S.Ct. 2253; Brady, 397 U.S. at 755, 90 S.Ct. 1263 and Machibroda, 368 U.S. at 493, 82 S.Ct. 510).  Finally, the defendant must have available the advice of competent counsel which acts as a safeguard to ensure that pleas are voluntarily and intelligently made.  Matthew, 210 F.3d at 365 (citing Tollett, 411 U.S. 258 at 268, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973);  Brady, 397 U.S. at 756 and McMann v. Richardson, 397 U.S. 759, 771 7 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

The representations of a defendant, his lawyer and the prosecutor at a plea hearing, as well as the findings made by the judge accepting the plea, constitute a formidable barrier in a subsequent collateral proceeding.  Blackledge, 431 U.S. at 74, 97 S.Ct. at 1629.  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  Id.

Petitioner argues that he did not enter into the plea agreement voluntarily, but rather as the result of coercion, fear and misunderstanding.  More specifically petitioner argues the following:

9

**(1) Failure to Provide Copy of Indictment**

Petitioner argues that he was not given a copy of the indictment and did not understand the nature of the charges against him.  In his response to the motion for summary judgment, he claims that he did receive a copy of the indictment, but it was illegible and that he received a legible copy only after seeking assistance from the State Bar of Texas.

Petitioner's claim is undermined by the fact that at the hearing in which he pleaded guilty, the trial court asked him specifically if he had "taken the indictment, that is the charge, all the counts, and . . . reviewed it with [his] attorney" and petitioner responded, "Yes, ma'am."  Ex Parte Figueroa, WR-74,262-01, Event Date: 10/01/2010 at 55 (D.E. 19-3, p. 60).  Petitioner has offered no proof to support his conclusory allegation that he did not receive a legible copy of his indictment prior to pleading guilty.  Moreover, even if he did not receive a legible copy, petitioner has neither argued nor provided evidence that he would not have agreed to plead guilty had he been given one.

In addition, the language in the Judicial Confession and Stipulation, signed and sworn to by petitioner on February 1, 2008, mirrors that of the indictment.  See Ex Parte Figueroa, WR-74,262-01, Event Date: 07/06/2010 at 30-36 (D.E. 19-4, pp. 34-40).  Therefore, even if he did not receive a copy of the indictment, he was advised of the allegations to which he pleaded guilty.  Accordingly, he cannot show that the state habeas court erred in determining that his guilty plea was voluntary.

10

**(2) Failure to Advise Petitioner About His Right to a Trial**

Petitioner argues that his attorney did not fully explain his right to go to trial. However, petitioner was given written admonishments by the court explaining his right not to plead guilty and his right to go to trial. Ex Parte Figueroa, WR-74,262-01, Event Date: 10/01/2010 at 32-34 (D.E. 19-3, pp. 37-39). He indicated by his initials, signature and statement given under oath that he read and understood the admonishments. Id. at 38-41 (D.E. 19-3, pp. 43-46). He also signed the judicial confession and stipulation under oath, indicating that his attorney had investigated the facts and circumstances of his case, discussed them with petitioner and advised him of his possible defenses. Id. at 48-50 (D.E. 19-3, pp. 53-55). At the hearing he stated, again under oath, that he had discussed with his attorney what his options were and also stated that he had understood the written admonishments. Id. at 55-59 (D.E. 19-3, pp. 60-64).

Finally, petitioner's attorney stated in an affidavit submitted as part of the state court habeas proceedings that he carefully and thoroughly discussed with petitioner the nature of the evidence against him, the nature of his defenses, the findings of the experts, his legal rights and options, the proposed plea agreement and the attorney's opinions and he believed petitioner understood his rights. Id. at 95-96 (D.E. 19-3, pp. 100-101). Given the abundance of evidence in the record indicating that petitioner's attorney fully explained that he had the right to go to trial if he wished to do so, his conclusory arguments to the contrary are insufficient to raise a question regarding the voluntariness of his plea.

**(4) Insisting Petitioner Plead Guilty**

Petitioner argues that his attorney forced him to initial the admonishments and insisted that he plead guilty to the charges.  As discussed above, the record shows that petitioner's attorney advised him about his rights, discussed the evidence with him and gave petitioner his professional opinion that petitioner should accept the offered plea bargain.  Nothing in the record indicates that petitioner's counsel insisted that he plead guilty.  His conclusory allegations to the contrary are without merit.

**(5) Coercion By District Attorney**

Petitioner argues that his attorney allowed the district attorney to coerce him to plead guilty.  However, petitioner has pointed to no evidence in the record to support this allegation and none was found.  Without more, petitioner cannot show that his guilty plea was the result of coercion by the district attorney.

Based on the foregoing, petitioner cannot show that his guilty plea was not entered voluntarily or knowingly.  Accordingly, he was waived his other claims of ineffective assistance of counsel.  Nevertheless, they will be addressed below.

**C.  Other Grounds for Ineffective Assistance of Counsel**

Petitioner contends that he received ineffective assistance from his attorney in several respects.  To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the

12

defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable.  Id., 466 U.S. at 687-88, 104 S.Ct. at 2064.  Petitioner must show "significant prejudice" in a noncapital context.  Armstead v. Scott, 37 F.3d 202 (5th Cir. 1994)(citing Spriggs v. Collins, 993 F.2d 85, 88, n. 4 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  A petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  Id., 466 U.S. at 690, 104 S.Ct. at 2066.

When challenging a guilty plea, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370 (1985).  Then, typically, in order to show that the error prejudiced the defendant, the court must make a prediction about what the outcome of the trial would have been had counsel done the things that the petitioner now urges.  Id.  In the non-capital sentencing context, the petitioner must demonstrate that the sentence he received would have been

13

"significantly less harsh" but for the deficient performance of his attorney.  Spriggs, 993 F.2d at 88.  The court must consider the following: (1) the sentence imposed in the case; (2) the minimum and maximum sentence allowed by law (3) the placement of the sentence within the allowable range and (4) any mitigating or aggravating factors considered by the trier of fact.  Id, 993 F.2d at 88-89.

### (1) Failure to Advise Petitioner Regarding Possibility of Community Supervision;

Petitioner argues that his attorney did not tell him that if a jury found him guilty that he would be eligible for release to community supervision.  Assuming this is true, petitioner must still show that had his attorney so informed him, he would not have pleaded guilty but would have chosen to go to trial and that the outcome would have been significantly less harsh.

Petitioner was charged with seven counts of aggravated sexual assault of a child which is punishable by a sentence of five to ninety-nine years, and three counts of indecency with a child, which is punishable by a sentence of two to twenty years.  Ex Parte Figueroa, Event Date: 10/01/2010 at 32, 35 (D.E. 19-3 at pp. 37, 40).  He was sentenced by the court to 20 years on each count with all the prison terms to run concurrently.  Id. at 30 (D.E. 19-3 at 35).  Considering the evidence showing petitioner's guilt and the loathsome nature of the allegations against him, he cannot make a convincing argument that any jury finding him guilty would have assessed a sentence

significantly less harsh than the concurrent 20-year sentences he received.[3]   Accordingly, he cannot show that his attorney was ineffective for failing to inform him that he would have been eligible for community supervision had he gone to trial, and he has not shown that the state court decision denying him relief was unreasonable.

### (2) Failure to Object to the Mislabeling of the Charges Against Petitioner

In his complaint, petitioner complained that his attorney was ineffective for not objecting to a citation to a non-existent section of the penal code which was listed in the indictment.  On the indictment, petitioner is alleged to have violated section 21.22 of the Texas Penal Code, but the indictment should have referred to section 21.11 of the penal code, which addresses "indecency with a child."  The statute was cited incorrectly in the initial judgment, but later corrected by the Thirteenth Court of Appeals.  Figueroa, slip. op. at 3-4.

In his response to the motion for summary judgment, petitioner appears to argue not about the citation to the statute, but rather that his counsel was ineffective for not objecting to the section of the admonishments where petitioner indicated he understood that he was waiving appeal of all pre-trial motions which had not been ruled upon (D.E. 29, p. 4).  Petitioner then refers to his earlier argument that his counsel was ineffective for not explaining his eligibility for community supervision.  Id.

---

[3] Respondent incorrectly argues that community supervision was not available to petitioner, citing Tex. Code. Crim. P. art 42.12.  While that is true today, in the earlier versions of the statute, applicable in 2004, 2005, and 2007 when petitioner committed his crimes, a jury could recommend community supervision.  See Tex. Code Crim P. art. 42.12 § 4 (eff. January 1, 2004 to June 17, 2005); Tex. Code Crim P. art. 42.12 § 4 (eff. June 15, 2007 to August 31, 2007)

None of these arguments is meritorious.  Petitioner has not shown that he was prejudiced by the typographical error in the indictment.  He has not explained how or why his attorney should have objected to the waiver of appeal of his pre-trial motions and his argument regarding community supervision is without merit, as discussed above. Petitioner has failed to show that he received ineffective assistance of counsel based on any of these allegations, and he has failed to demonstrate that the state court decision denying him relief was unreasonable.

### (2) Failure to Give Petitioner Reasonable Opportunity to Find Other Counsel

Petitioner argues that his attorney was ineffective because he failed to give petitioner notice or time to find another attorney.  At the hearing on petitioner's guilty plea, the court asked petitioner if he had been satisfied with the work his attorney had done for him and he responded that he was.  Ex Parte Figueroa, WR-74,262-01, Event Date 10/01/2010 at 55-56 (D.E. 19-3, pp. 60-61).  Petitioner also initialed and signed the admonishments indicating he was satisfied with his attorney's representation.  Id. at 38, 41 (D.E. 19-3 at 43, 46).  Nothing in the record indicates that petitioner ever told anyone, much less his attorney, that he was dissatisfied with his counsel or wanted new counsel. Petitioner has presented nothing more than a conclusory allegation that his attorney was ineffective because he did not give petitioner an opportunity to seek other counsel. Accordingly, he cannot make out a claim that his attorney provided ineffective assistance of counsel based on the evidence in the record.  The state court decision denying relief was not unreasonable.

**(3) Failure to Acquire Physical and Medical Evidence**

Petitioner also argues that his attorney failed to request that petitioner be examined by a medical doctor.  He claims that at some point he suffered third degree burns and it hindered the growth of his penis, which he argues would have undermined the victims' claims about the sexual abuse.  This allegation is unsupported by any evidence in the record and is wholly without merit.

**(4) Failure to Review Petitioner's Video-Taped Confession**

Petitioner argues that his attorney was ineffective for failing to view his video-taped confession.  In the affidavit petitioner's counsel submitted in the state court proceeding, the attorney stated that he did review the video-tape.  Ex Parte Figueroa, WR-74,262-01, Event Date: 10/01/2010 at 95 (D.E.19-3 at 100).  In one of his supplemental responses to the motion for summary judgment (D.E. 29), petitioner asserts that the officer who interrogated him had a "protection weapon" inside a desk in the interrogation room.  He claims that the officer made threatening gestures and told petitioner to remember seeing the weapon.  Petitioner further claims that the "true and uncut" tape will show the actions of the officer.

In addition petitioner avers that he asked a detective named "Hess" for an attorney and Hess became enraged at the request.  Petitioner claims that Hess was carrying a weapon on his thigh and that when he sat down in front of petitioner and reclined back, the gun was pointed at petitioner.  Petitioner claims that the "true and uncut" version of this videotape will show the intimidation and coercion used against him.

17

Petitioner's attorney filed a discovery request and reviewed the videotape given to him in response to his request.  Clerk's Record at 31; Ex Parte Figueroa, WR-4,262-01, Event Date: 10/01/2010 at 95 (D.E. 19-3 at 100).  If there existed a different "true and uncut" videotape showing that petitioner was intimidated and coerced into confessing to the crimes of which he was accused, and that tape was not provided in response to a discovery request, his attorney cannot be faulted for failing to obtain it.   If law enforcement officers or the prosecutor kept a version of the tape in which threatening actions by police officers were edited out, it is unclear what further actions petitioner's attorney could have taken to obtain the tape.  Without more specific factual allegations regarding petitioner's attorney's attempt to obtain the purportedly original and uncut videotape, his claim of ineffective assistance of counsel fails.  Petitioner has not shown that the state court decision denying relief was unreasonable

### D.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right

on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on the merits.  Reasonable jurists would not find the assessment of the constitutional claims debatable or

wrong.  If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance of a COA.

### **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that respondent's motion for summary judgment   (D.E. 21) be granted and that petitioner's application for habeas corpus relief be dismissed with prejudice.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 7th day of April, 2011.


_____
  B. JANICE ELLINGTON
  UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996)(en banc).