IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK FIGUEROA § | | |
|    TDCJ-CID #1485880, § | | |
|               Petitioner, § | | |
| § | | |
| VS. § | CASE NO. 2:10cv374 | |
| § | | |
| RICK THALER, § | | |
|               Respondent. § | | |

## AMENDED[1] MEMORANDUM AND RECOMMENDATION
## TO DENY RULE 59(e) MOTION

This is a habeas case filed pursuant to 28 U.S.C. § 2254, challenging petitioner's convictions for sexual assault and indecency with a child. Final judgment denying habeas relief and dismissing petitioner's claims with prejudice was entered May 11, 2011 (D.E. 35, 36). On June 3, 2011, petitioner filed a post-judgment motion titled "Petitioner's Rule 60 Motion" (D.E. 37).[2] For the reasons stated herein, it is respectfully recommended that the motion be treated as a timely filed motion pursuant to Fed. R. Civ. P. 59(e), and that the motion be denied.

---

[1] This memorandum and recommendation is amended only to correct the spelling of petitioner's last name in the title to the pleading. There are no other changes.

[2] The Clerk received and filed the motion June 10, 2011, but petitioner stated in his certificate of service that he gave his motion to prison authorities for filing on June 3, 2011, and it is considered filed that date. See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998) (applying the mailbox rule of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), to habeas petition filed pursuant to AEDPA).

**I.     Rule 59(e).**

Effective December 1, 2009, any motion asking the Court to revisit its judgment filed within twenty-eight (28) days after the entry of judgment is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). Here, final judgment was entered on May 11, 2011. (D.E. 35). Petitioner's motion to alter or amend judgment was filed on June 3, 2010, well within the twenty-eight days authorized by Rule 59(e). Therefore, petitioner's motion is properly considered under Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). "A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories or arguments that could have been offered or raised before the entry of judgment." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).

**II.    Discussion**

Petitioner's Rule 59(e) motion fails to establish manifest error or offer newly discovered evidence to support Rule 59(e) relief. Although petitioner correctly points out that the trial court signed an order designating issues on June 30, 2010, and not on October 10, 2010 (D.E. 19-3 @ p. 97) as stated in the Memorandum and Recommendation (D.E. 33

2

at 4), he failed to demonstrate that this minor error affects any significant issue or finding in this case.

The basis of petitioner's Rule 59(e) motion is his argument that he did not have an opportunity at the state court level to rebut the affidavit of his trial counsel Robert Zamora, and he was not given an evidentiary hearing in state or federal court on his claim of ineffective assistance of counsel. Petitioner's arguments are foreclosed by the Supreme Court's holding in Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641 (2005). In Gonzalez, the Supreme Court applied the second or successive bar of 28 U.S.C. § 2244 to Rule 60(b) motions. The Fifth Circuit later applied the reasoning in Gonzalez to Rule 59(e) motions. Williams v. Thaler, 602 F.3d 291, 302-03 (5th Cir. 2010). A motion that seeks to add a new ground for relief, or attacks a previous court's resolution of a claim on the merits, would be subject to the bar. Gonzalez, 545 U.S. at 532, 125 S.Ct. at 2648. But if a post-judgment motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, it would not be subject to the bar. Id.

Petitioner's raises new arguments that attack the District Court's resolution of his claim on the merits, and thus are subject to the second or successive bar. In order to raise those issues in his post-judgment motion, his claims must be pre-certified by the court of appeals as falling within an exception to the successive-petition bar. Gonzalez, 545 U.S. at 531-32, 125 S.Ct. at 2647-48.

In any event, petitioner's arguments have no merit. Petitioner is not *entitled* to an evidentiary hearing except under very limited circumstances not raised by petitioner. See 28 U.S.C. § 2254(e)(2); Pape v. Thaler, ___ F.3d ___, No. 11-10008 (5th Cir. June 23, 2011) (slip op.). Petitioner has not demonstrated that the denial of his claims by the Texas Court of Criminal Appeals was contrary to, or involved an unreasonable application of clearly established federal law or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceedings. 28 U.S.C. § 2254(d). Finally, all of petitioner's claims against his trial counsel are directly contradicted by his confession to police, his plea of guilty, his written judicial confession and stipulation, the transcript of his sworn guilty plea, the affidavit of his trial counsel, and the findings of the state court. It was not unreasonable for the Texas Court of Criminal Appeals to rely on the findings of the state district court that petitioner's plea of guilty was made knowingly and voluntarily, and counsel was not ineffective pursuant to Strickland. There is not a scintilla of evidence beyond the allegations in the petition that petitioner's plea was coerced.

## III.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Movants challenging their state court convictions by way of a Rule 60(b) motion are subject to the COA requirement. Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007)(per curiam).

Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and*

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his Rule 59(e) motion be denied. It is further recommended that a COA be denied because reasonable jurists would not disagree that that petitioner's Rule 59(e) claims are successive and must be authorized by the Fifth Circuit Court of Appeals prior to filing.

## IV. Recommendation.

Petitioner has failed to establish that he is entitled to relief under Fed. R. Civ. P. 59(e). Accordingly, it is respectfully recommended that petitioner's motion to alter or amend the judgment (D.E. 37) be denied. It is further recommended that a COA be denied.

Respectfully submitted this 6th day of July, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).