IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK FIGUEROA, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | C.A. NO. C-10-374 |
| § | | |
| RICK THALER § | | |
| Director, TDCJ-CID, § | | |
| Respondent. § | | |

## OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division, and currently is incarcerated at the Boyd Unit in Teague, Texas. Petitioner sought habeas corpus relief in this court and it was denied (D.E. 33, 35, 36). Petitioner sought a certificate of appealability from the Fifth Circuit Court of Appeals and his request was denied (D.E. 59). Petitioner has filed a Rule 60 motion for relief from judgment (D.E. 63) and it is recommended that the motion be denied. Petitioner also seeks appointment of counsel (D.E. 62).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. In the Memorandum and Recommendation filed concurrently with this order, it is recommended that petitioner's Rule 60(b) motion in which he seeks an

1

evidentiary hearing be denied.  Therefore, at this stage of the proceedings, appointment of counsel is not warranted.

Counsel will be assigned *sua sponte* if the District Court declines to adopt the recommendation that petitioner's Rule 60 motion be denied and finds that petitioner is entitled to an evidentiary hearing.  Accordingly, petitioner's motion for appointment of counsel (D.E. 62) is denied without prejudice.

ORDERED this 16th day of August, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE