## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **FRANK FIGUEROA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.  C-10-374** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Corrrectional

Institutions Division ("TDCJ-CID") and currently is incarcerated at the Boyd Unit in

Teague, Texas.   The actions about which he complains occurred in Nueces County,

Texas.  Pending is a Rule 60 motion he filed in which he seeks to correct mistakes in a

prior Memorandum and Recommendation ("M&R") and also in which he seeks relief

from the final judgment in his habeas corpus case (D.E. 63).  As discussed more fully

below, it is respectfully recommended that the motion be denied.

## BACKGROUND

In 2008 petitioner was convicted of seven counts of aggravated sexual assault of a

child and three counts of indecency with a child.  After exhausting his direct appeals, he

filed a habeas corpus application in this court, asserting that his guilty plea was

involuntary and his constitutional rights were violated during the plea process because his

attorney rendered ineffective assistance of counsel.  An M&R was filed on April 7, 2011

in which it was recommended that the writ of habeas corpus be denied (D.E. 33).  On April 20, 2011 petitioner filed a motion to alter or amend the judgment, which was construed as objections to the M&R (D.E. 34).  On May 11, 2011 the District Court adopted the M&R, granted summary judgment to respondent and dismissed petitioner's habeas corpus application with prejudice (D.E. 35, 36).

On June 10, 2011 petitioner filed a Rule 60 motion in which he made essentially the same arguments that he makes in the instant motion (D.E.  37).  FED. R. CIV. P. 60(b). An M&R was filed in which it was recommended that his motion be denied and petitioner filed objections (D.E. 39, 40).  The District Court adopted the M&R and denied petitioner's Rule 60 motion on July 6, 2011 (D.E. 41).  Petitioner filed notices of appeal with the Fifth Circuit on August 29, 2011, seeking review of both the final judgment entered in his case and the denial of his Rule 60 motion (D.E. 42, 43, 44, 45).  On November 29, 2011, the Fifth Circuit Court of Appeals denied Certificates of Appealability on both issues (D.E. 59).

Petitioner filed the instant motions on June 4, 2012.  He seeks relief under Rule 60(a) of the Federal Rules of Civil Procedure, arguing that the Magistrate Judge erred because the M&R made no reference to the fact that the Texas Court of Criminal Appeals remanded his state writ application to the trial court to complete an evidentiary investigation.   FED. R. CIV. P. 60(a) (Corrections Based on Clerical Mistakes).  He also argues that the M&R incorrectly stated that the trial court's "order designating issues" was filed on October 1, 2010 when it actually was filed on June 30, 2010.  He further

2

faults the M&R for not mentioning that the Court of Criminal Appeals issued a bench warrant for petitioner to be transported to Nueces County at some point in the proceedings.  Petitioner also seeks Rule 60(b) relief, arguing that he was denied a full and fair evidentiary hearing in both the state and federal courts.

**APPLICABLE LAW**

**A.  Rule 60(a)**

Rule 60(a) provides the following:

> The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.  But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Petitioner claims that the Magistrate Judge omitted the fact that the Texas Court of Criminal Appeals remanded petitioner's case to the trial court for an evidentiary investigation.  Petitioner is correct that the M&R does not mention the Court of Appeals' remand, but it was not a mistake.  Rather, the remand was not relevant to the case.  The Court of Criminal Appeals noted that on June 30, 2010 the trial court signed an order designating issues and then prematurely forwarded the habeas file to the appellate court. Ex Parte Figueroa, WR-74,262-01 at 4 (D.E. 19-3 at 9).  The appellate court then remanded the case back to the trial court to complete the "evidentiary investigation" and enter findings of fact and conclusions of law.  Id. at 4-5 (D.E. 19-3 at 9-10).  The remand by the Texas Court of Criminal Appeals was not relevant to the outcome of petitioner's case and therefore was not discussed in the M&R.

3

Petitioner also asserts that the Magistrate Judge erred in noting that the trial court's order designating issues was signed on October 1, 2010, rather than on June 30, 2010. However, the reference to October 1, 2010 was not to the date the order was signed, but simply to the cover of the state habeas record with the notation "Event Date: 10/01/2010," in an effort to clarify which part of the state habeas record was being referenced (See D.E. 33 at 4 and D.E. 19-3 at 1, 97). This was not a mistake and does not need to be rectified.

Next, petitioner contends that the Magistrate Judge erred by failing to mention that the Texas Court of Criminal Appeals entered a bench warrant for petitioner on September 13, 2010. First, a request for a bench warrant was made by the assistant district attorney in this case and granted by the trial court (D.E. 19-3 at 113). The Texas Court of Criminal Appeals was not involved. Second, petitioner fails to show how the omission of a reference to the bench warrant was a mistake and even if it were a mistake, he fails to show how it is relevant to the outcome of his case. The only question for a federal habeas court is whether the state court's determination was objectively unreasonable. Austin v. Cain, 660 F.3d 880, 893 (5th Cir. 2011). The federal court is not otherwise concerned with state court procedures. The federal court in this case analyzed petitioner's first habeas corpus application and determined that he was not entitled to relief. Petitioner has not shown that failure to refer to the bench warrant changes that determination in any way. For all of these reasons, petitioner's Rule 60(a) motion should be denied.

4

**B. Rule 60(b)**

Petitioner also asserts he is entitled to relief from judgment because he was not given an evidentiary hearing during either the state or federal court proceedings. Regarding his claim that he was entitled to an evidentiary hearing at the state court level, he is barred from asserting that claim by the holding in <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 125 S.Ct. 2641 (2005), which applied the second or successive bar of 28 U.S.C. § 2244 to Rule 60(b) motions.

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. <u>United States v. Orozco-Ramirez</u>, 211 F.3d 862, 867 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application for habeas corpus relief is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000)(citing <u>In re Cain</u>, 137 F.3d 234, 235 (5th Cir. 1998)).

Petitioner could have argued in his first federal habeas application that he was entitled to an evidentiary hearing in state court but did not do so. Therefore, his instant petition bringing up those claims clearly is "second or successive."

This court lacks jurisdiction over a habeas action that is "second or successive." See Key, 205 F.3d at 774; Hooker v Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or may transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. See 28 U.S.C. §2244 (b)(3)(A). See also Henderson v. Haro, 282 F.3d 862, 864 (5th Cir. 2002); In re Epps, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute,[1] dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, it is recommended that the claims in petitioner's Rule 60(b) motion be denied without prejudice to re-filing if proper authorization from the Fifth Circuit is obtained.

---

[1]Petitioner will have to demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Regarding petitioner's claim that he was denied a hearing during his federal habeas proceeding, the claim is not second or successive because he is claiming there was a defect in the integrity of the proceedings--failure to grant an evidentiary hearing--and so the issue may be addressed without treating it as a successive § 2254 petition.  See Gonzalez, 125 S.Ct. at 2648 (if a post judgment motion attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings, it would not be subject to the second or successive bar).

Whether a court should grant a habeas petitioner an evidentiary hearing is addressed in 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the appellant guilty of the underlying offense.

Petitioner has failed to make any of the showings necessary to be granted an evidentiary hearing in federal court.  Petitioner argues that his circumstances mirror those of the petitioner in Richards v. Quarterman, 566 F.3d 553 (5th Cir. 2009), where the district court granted a petitioner an evidentiary hearing and the respondent appealed.

7

The Fifth Circuit affirmed the decision to grant a hearing, noting that the Richards alleged serious failures by his attorney which were not refuted by the record, and that the attorney's explanations of her trial conduct were conclusory and in varying degrees of tension with the trial record. Id. at 563. The district court was within its discretion when it concluded that the evidentiary hearing could enable the petitioner to prove the petitioner's factual allegations and that those, if proven, would entitle the applicant to habeas relief. Id. (citing Schriro v Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007)).

Petitioner in this case has made no such showing. He pleaded guilty to the charges, and as discussed in the M&R, there was no evidence that the plea was entered unknowingly or involuntarily (See D.E. 33 at 8-12). His attorney filed an affidavit in the state habeas case and petitioner has not shown that the affidavit conflicted with other parts of the record. Petitioner's situation is not similar to that of the petitioner in Richards and he has not otherwise shown that he was entitled to an evidentiary hearing in federal court. In his first Rule 60(b) motion his claim that he was denied an evidentiary hearing in federal court (D.E. 37) was denied (D.E. 41) His COA was denied by the District Court and the Court of Appeals (D.E. 36, 41, 59). He has raised no new issues. Accordingly, it is recommended that his Rule 60(b) motion be denied.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

8

28 U.S.C. § 2253(c)(1)(A).  Movants challenging their state court convictions by way of a Rule 60(b) motion are subject to the COA requirement.  Ochoa Canales v. Quaterman, 507 F.3d 884, 888 (5th Cir. 2007).

Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

9

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not disagree that petitioner's Rule 60(a) claims lack merit, he was not entitled to an evidentiary hearing in federal court, and his remaining Rule 60(b) claims are successive, requiring authorization of the Fifth Circuit Court of Appeals prior to filing.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that petitioner's motion (D.E. 63) be denied.  Insofar petitioner seeks review of claims which are successive, it is recommended that those claims be denied without prejudice so that he may seek leave of

the Fifth Circuit to file a successive petition.  Finally, it is recommended that a Certificate of Appealability be denied.

Respectfully submitted this 16th day of August, 2012.


_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).